## Tozer *versus* Saturlee.

1. Where the contract of a lunatic or drunkard is in question, and the fact of lunacy or drunkenness is established by other means than a legal inquisition, it is always competent for the party alleging the contract to prove a lucid interval.

2. An inquisition of lunacy or drunkenness is only persuasive evidence of incompetency as to contracts made before the inquest, but during the time the incompetency is found to have existed.

3. As to contracts made *after* an inquisition of lunacy or drunkenness, our statute contemplates a complete transfer of the property to the custody of the law, and the committee is substituted for the lunatic or drunkard, and a lucid interval can avail nothing; for he has nothing in respect to which to contract.

[Tozer v. Saturlee.]

ERROR to the Court of Common Pleas of *Bradford County.*

*Ulysses Mercur*, for plaintiff in error.

The opinion of the court was delivered May 30th, 1855, by

WOODWARD, J.—How far an inquisition of lunacy or habitual drunkenness, not followed up and perfected under the statute, is conclusive against the subsequent contracts of the party, is a question which, though much discussed, we are under no necessity to decide in this cause, because the court put the case, very properly, on the ground of fraud and not of contract. If Tozer bid off the farm in the manner alleged by the plaintiff, he acquired no title for himself, and it was a gross fraud in him to attempt to hold it. As his declarations had been given in evidence against him, it was competent for him to give Marshall's declarations in evidence against the plaintiff, for they claimed under Marshall. The court said the jury might " take them into consideration, with the other evidence in the cause, in passing upon the question whether or not Tozer was guilty of a fraud—that is, of making the declarations and representations proved, for the purpose of inducing others not to bid, that he might thereby get the property himself at a merely nominal sum as compared with its real value." This was all right, but the effect of the declarations had been sensibly impaired by the record of the inquisition of drunkenness given in evidence on the part of plaintiffs, to avert the force of which, the defendant had offered and the court had rejected the evidence set out in the bill of exceptions.

The error assigned is in rejecting that offer. For the purpose for which the evidence was offered, we think it was competent. We are by no means clear that an inchoate proceeding like that of 1846 would have the effect of avoiding subsequent *contracts* of a party who was permitted to treat and deal in respect to his property in the manner and for the length of time that Marshall was; but even if it would, too much effect was given to it when it was made the ground of excluding corroborative evidence of declarations admitted without objection. It was possible for Marshall to be in circumstances to know and speak the truth, notwithstanding the inquisition of 1846. Because found to be an habitual drunkard then, his declarations, made two years afterward, were not necessarily the incoherent mutterings of an inebriate. Where the contract of a lunatic or drunkard is in question, and the fact of lunacy or drunkenness is established by other means than a legal inquisition, it is always competent for the party alleging the contract to prove a lucid interval—and even an inquisition is only persuasive evidence of incompetency as to contracts

[Davenport et al. *v.* Harris et al.]

made before the inquest, but during the time the incompetency is found to have existed. We have several cases in our books in respect to such contracts, where evidence was admitted to countervail the effect of the inquisition. As to contracts made *after* the inquisition, our statute contemplates a complete transfer of the property to the custody of the law, and the committee is substituted for the lunatic or drunkard, and a lucid interval can avail nothing, for he has nothing in respect to which to contract. This is always the case where the proceeding is perfected. Where it is suspended or abandoned in mid-course, as seems to have been the case here, it may be doubted whether any stronger presumption is furnished by an inquisition as to contracts made after it was found, than as to such as were made previously, but within the ascertained period of incompetency. If no stronger, then it is not conclusive, and may be rebutted by such evidence as was offered here.

This, however, we repeat, is not a case of contract, but of mere declarations, confessedly competent evidence in themselves. If the established fact of lunacy or drunkenness does not as a general principle exclude such subsidiary proof when offered in respect to contracts, much less should it be permitted to deprive these declarations of the support expected from the evidence contained in the bill of exceptions.

The judgment is reversed, and a *venire de novo* awarded.